FILED
 2008 May-29  PM 01:02
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JANICE M. EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 5:06-cv-01650-CLS |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Janice M. Edwards commenced this action *pro se* on August 21, 2006, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief. Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Upon reviewing the record, the court discerns that claimant's only articulated fault with the ALJ's decision is that, according to her, "most of the statements written were untrue."[2] Specifically, claimant charges that the ALJ's finding that she was treated for possible cocaine addiction is inaccurate.[3]

It is outside this court's authority to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996). As such, it would be improper for this court to revisit the ALJ's factual findings that claimant was possibly treated for cocaine abuse. As noted above, this court "must find the [ALJ's] decision conclusive if it is supported by substantial evidence." *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (citing *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). "Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the [ALJ's] factual findings." *Id.* (citing *Bridges*, 815 F.2d at 624; *Arnold v.*

---

[1] *See* doc. no. 17 (briefing letter).
[2] *See* doc. no. 9 (claimant's response to show cause order) at 7.
[3] *Id.*

*Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).

In the present case, claimant alleges that she became disabled on June 25, 2002, due to hair loss, chronic chest pain, asthma, back and shoulder pain, numbness in her arms and legs, bleeding, and various problems with her teeth.[4] The ALJ found that, based on the evidence before him, claimant suffered from "severe" impairments of numbness and tingling in both arms (likely due to carpal tunnel syndrome), chronic back pain, costochondral chest pain, and a somatoform disorder.[5] Even so, upon consideration of the medical evidence and the record as a whole, the ALJ discredited claimant's subjective testimony as to pain and concluded that she retained sufficient residual functional capacity to perform light work activity within certain limitations.[6] Relying on a vocational expert's testimony, the ALJ determined that claimant could not perform her past relevant work, but that she could perform other work existing in significant numbers in the national economy and, therefore, that claimant was not disabled.[7]

To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the

---

[4]Tr. at 135-142.
[5]Tr. at 25.
[6]Tr. at 27.
[7]Tr. at 28-29.

objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ adequately stated reasons for not crediting claimant's testimony on pain. The ALJ noted that there was scant objective evidence to support her various complaints, and found support for his rejection of claimant's testimony in the examination findings of Clement Cotter, M.D., Prem Gulati, M.D., and Carol Walker, Ph.D.[8] The ALJ further found that the lack of a significant treatment history harmed claimant's credibility.[9]

The ALJ committed error, however, in that he did not raise, in his hypothetical questions to the vocational expert, all of claimant's "severe" impairments. Consequently, the vocational expert could not have considered the totality of claimant's impairments when giving her testimony.[10] "In order for a [vocational

---

[8] *Id.* at 25-28.
[9] *Id.*
[10] Tr. at 410-418.

4

expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises *all* of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (emphasis supplied).

The ALJ's hypothetical questions to the vocational expert as to claimant's physical impairments[11] were based solely on the medical source opinion prepared by Dr. Gulati.[12] The vocational expert was instructed by the ALJ to consider Dr. Gulati's report, and was provided a copy of the report during her testimony.[13] Dr. Gulati's report references only claimant's possible carpal tunnel syndrome, but it is silent as to her other "severe" impairments of chronic back pain, costochondral chest pain, and somatoform disorder.[14] Thus, there is no indication in the record that the ALJ's hypothetical questions required the vocational expert to consider the combined effects of claimant's "severe" impairments, as determined by the ALJ in his written decision. Consequently, the ALJ's hypothetical questions were insufficient to rise to the level of providing a basis for the gathering of substantial evidence from the vocational expert. *See Jones*, 190 F.3d at 1229. *See also Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984) (holding that when the ALJ considered a claimant's "impairments

---

[11] The ALJ also posed questions regarding claimant's psychological limitations; however, that line of questioning was not based on Dr. Gulati's findings. Tr. at 413-415.

[12] Tr. at 411.

[13] *Id.*

[14] Tr. at 310-312.

separately, but not together; this failure to follow the regulations requires that the case be remanded for further consideration under the appropriate standard").

Because the record indicates that the ALJ's decision was based, in large part, on the vocational expert's responses to incomplete hypothetical questions, the court concludes that the ALJ's decision is not based on substantial evidence, and that remand is appropriate. Accordingly, the decision of the Commissioner is REVERSED, and the action is REMANDED for further administrative proceedings consistent with this memorandum opinion and order. Costs are taxed as paid. The clerk is directed to close this file.

DONE this 29th day of May, 2008.

_____
United States District Judge